IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ALESA G. BELL, § | |
|    PLAINTIFF, § | |
| § | |
| V. § | CASE NO. 3:18-CV-1289-B-BK |
| § | |
| ANDREW SAUL, COMMISSIONER OF § | |
| SOCIAL SECURITY, § | |
|    DEFENDANT. § | |

**FINDINGS CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this cause is now before the Court on Plaintiff's *Amended Petition and Brief for Award of Attorney Fees Under the Equal Access to Justice Act*. Doc. 24. For the reasons that follow, the motion should be **GRANTED**.

Under the Equal Access to Justice Act ("EAJA"), a court must award attorney's fees and expenses if: (1) the claimant is a "prevailing party," (2) the position of the United States was not "substantially justified," and (3) there are no special circumstances that make an award unjust. 28 U.S.C. § 2412(d)(1)(A); *Sims v. Apfel*, 238 F.3d 597, 599-600 (5th Cir. 2001). The award of attorney's fees must be reasonable. *See* 28 U.S.C. § 2412(b).

Plaintiff seeks an award of attorneys' fees in the amount of $4,380.81. Doc. 24 at 9. Defendant has filed a response to the motion, stating that he has no objection and that the Court should award such amount. Doc. 27. Having considered Plaintiff's motion, Defendant's response, and the applicable law, the Court finds Plaintiff's request reasonable.

Accordingly, Plaintiff's *Amended Petition and Brief for Award of Attorney Fees Under the Equal Access to Justice Act*, Doc. 24, should be **GRANTED**. Plaintiff should be awarded

attorneys' fees in the amount of $4,380.81, to be made payable directly to Plaintiff but sent in care of her attorney. *Astrue v. Ratliff*, 560 U.S. 586, 592-93 (2010); *Jackson v. Astrue*, 705 F.3d 527, 531 n.11 (5th Cir. 2013). *Id.*

**SO RECOMMENDED** on October 16, 2019.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and where in the magistrate judge's findings, conclusions and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).